**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

**UNITED STATES OF AMERICA,**

Plaintiff,

vs.

**GREGORY GEORGE DENNY,**

Defendant.

**Cause No. CR 18-24-GF-BMM**

**ORDER**
**ON COMPASSIONATE RELEASE**

## INTRODUCTION

Gregory George Denny ("Denny") moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 79.) Denny argues that his ongoing medical issues warrant granting compassionate release. (*Id*. at 2.) The Government opposes the motion. (Doc. 81.)

## FACTUAL BACKGROUND

Denny pled guilty to Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2, and Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. (Doc. 59.) The Court sentenced Denny to the custody of the Bureau of Prisons ("BOP") for a period of 120 months as to Count 1 and 60 months as to Count 2, to run consecutively, for a total term of 180 months.

Denny has filed a motion for sentence reduction pursuant to compassionate release citing medical issues and an inability to obtain sufficient medical care (Doc. 79.) Denny has served a little over 7 years of his 15-year prison sentence. (*Id.* at 3.) Denny's scheduled release date is October 2, 2031. *See* Inmate Locator, www.bop.gov/inmateloc (accessed September 15. 2026). Denny is currently incarcerated at Sheridan FCI. *Id.*

## DISCUSSION

Denny has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582. Denny contends that extraordinary and compelling reasons exist for releasing him and that the § 3553(a) factors support such a release. (Doc. 79.) The Government contends that there are no extraordinary and compelling reasons to support the requested reduction. (Doc. 81.) The Government further contends that the § 3553(a) factors do not support Denny's release given Denny's previous criminal history and the seriousness of the offense. (*Id.*)

### I. Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). The Court may modify a term of imprisonment upon motion of a defendant if the Court finds that "extraordinary

and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the Court is considering the reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), sets forth what constitutes "extraordinary and compelling reasons". USSG § 1B1.13. Section 1B1.13(b) outlines several categories of circumstances that constitute extraordinary and compelling reasons for reducing a defendant's sentence. USSG § 1B1.13(b). These categories include the following: (1) medical

circumstances; (2) advanced age of the defendant; (3) family circumstances; (4) the defendant was a victim of abuse while incarcerated; and (5) unusually long sentences. USSG § 1B1.13(b). Section 1B1.13(b)(5) further provides a catchall category where "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [other described reasons], are similar in gravity to [the other described reasons]." USSG § 1B1.13(b)(5).

Section 1B1.13(b)(1) sets out medical circumstances which rise to the level of extraordinary and compelling reasons. These include (A) terminal illness; (B) a serious physical or cognitive medical condition which diminishes the ability of the defendant to provide self-care within the correctional facility; (C) a condition that requires long-term or specialized medical care that is not being provided and without which the defendant risks significant deterioration or death; and (D) an ongoing disease outbreak under certain circumstances. USSG § 1B1.13(b)(1).

## II. Reasons for Release

Denny asserts medical issues in support of his motion for compassionate release. Denny alleges that he suffers from ulcerative colitis, cardio myopathy, and ongoing skin concerns, most notably eczema and a wart on his foot. (Doc. 79.) Denny's arguments are captured by 1B1.13(b)(1)(B) and 1B1.13(b)(1)(C). The Court will consider Denny's arguments under each provision.

1B1.13(b)(1)(B) provides for an extraordinary and compelling reason when

the defendant is "suffering from a serious physical or medical condition […] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13(b)(1)(B). Denny argues that BOP's expectation that he purchase his own corn patches to treat the wart on his toe "presents an interesting issue" in the context of his ability to provide self-care within the prison system. (Doc. 79 at 9.) He points out that he is being required to pay for care which may be subsidized by Indian Health Services if he was not in the prison environment. (*Id.* at 9-10.)

The Court acknowledges that it may be inappropriate to require Denny to pay for his own treatment, but it agrees with the Government that it is not what 1B1.13(b)(1)(B) envisions when it says "self-care". (Doc. 81 at 6-7.) The Court reads the rule to refer to instances when the medical condition itself diminishes the ability to provide self-care. There is no evidence that Denny's wart, or any of his other ailments, significantly reduces his ability to care for himself. Denny is prescribed several medications and takes them daily without apparent issue. (*Id.* at 7.) Additionally, his medical progress suggests that his ailments are not ones from which he is not expected to recover. Denny's medical records suggest improvement of his ulcerative colitis, cardio myopathy, and skin conditions. (*Id.* at 7-8.)

1B1.13(b)(1)(C) provides for an extraordinary and compelling reason when,

"[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." USSG § 1B1.13(b)(1)(C). Although Denny does not specifically invoke this provision, it is the best fit for his assertion that, "the medical care he has received while at the Bureau of Prisons is inadequate, or at best, inconsistent." (Doc. 79 at 7.) Denny alleges that BOP failed to provide all recommended medications for his conditions. (*Id.* at 7-8, 11.)

The evidence shows that BOP has provided the required specialized care. Denny was referred to a gastroenterologist, received a colonoscopy, and was prescribed medications which have improved his ulcerative colitis. (Doc. 80 at 95-96.) Denny is supposed to receive another colonoscopy later this year (*Id.* at 3.) Denny was referred to a cardiologist and received a transthoracic echocardiogram. (*Id.* at 9.) Denny was referred to a dermatologist and discussed his dermatological issues with a general provider. (*Id.* at 18, 46.) Denny was prescribed medication for his eczema which improved his condition. (*Id.* at 18.) Denny has had an appointment scheduled for further treatment of the wart on his foot and potential removal. (*Id.* at 2.) Though Denny may not have been prescribed every recommended medication, his medical records show consistent provision of adequate specialized medical care and improvement of his conditions.

The Court acknowledges Denny's ongoing medical issues and difficulties in

obtaining medical care. The Court does not find that the circumstances constitute extraordinary or compelling reasons for compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i).

**CONCLUSION**

Denny has not demonstrated that extraordinary and compelling reasons support a reduction of his sentence. Because the Court has not found that extraordinary and compelling reasons support a reduction, the Court need not reach the question of whether a reduction would comply with the factors under 18 U.S.C. § 3553(a). *United States v. Keller,* 2 F.4th 1278 at 1284 (9th Cir. 2021). The Court does acknowledge the challenges of Denny's conditions and directs Denny to refile this motion if his health deteriorates further.

Accordingly, **IT IS ORDERED** that Denny's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 79) is **DENIED.**

DATED this 16th day of September 2026.

Brian Morris, Chief District Judge
United States District Court